UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

EDWARD C. BAKER,

                Plaintiff,

       -against-                      1:08-CV-1252 (LEK/DRH)

COUNTY OF CLINTON, RICHARD E. CANTWELL, *District Attorney*, KRISTY L. SPRAGUE, *Assistant District Attorney*, DANA M. LOIACONO, *Assistant District Attorney*,

                Defendants.

## MEMORANDUM-DECISION AND ORDER

On November 14, 2008, Plaintiff Edward Baker ("Plaintiff"), acting *pro se*, filed a Complaint (Dkt. No. 1) pursuant to 42 U.S.C. § 1983 ("§ 1983") alleging federal and state constitutional violations by Defendants County of Clinton ("County"), former-District Attorney Richard Cantwell ("Cantwell"), Assistant District Attorney Kristy Sprague ("Sprague"), and former-Assistant District Attorney Dana Loiacono ("Loiacono") (collectively, "Defendants") stemming from their prosecution of Plaintiff. On March 12, 2009, Defendants moved to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing, *inter alia*, that Plaintiff's claim is barred by the applicable statute of limitations. Mot. to Dismiss (Dkt. No. 17).

**I.    BACKGROUND**

On January 1, 2000, Plaintiff was arrested and charged with second degree attempted murder, first degree assault, and third degree possession of a weapon. Compl. at 1-2. In July of

1

2000, in the New York State Clinton County Court ("County Court"), Plaintiff pleaded guilty to attempted murder in the second degree pursuant to a plea agreement. Id. at 1. Plaintiff successfully appealed to the New York State Appellate Division, Third Department ("Third Department"), and the case was remanded to the County Court. Id. at 1; see People v. Baker, 301 A.D.2d 868, (3rd Dep't 2003) (granting Plaintiff the opportunity to withdraw his plea because he was not advised of the imposition of post-release supervision that would follow as a direct consequence of that plea). On remittal, a jury found Plaintiff guilty of one count each of Attempted Murder in the Second Degree (N.Y. Penal Law § 110.00/125.25[1]), Assault in the First Degree (N.Y. Penal Law § 120.10[10]), Criminal Possession of a Weapon in the Third Degree (N.Y. Penal Law § 265.02[1]), Criminal Possession of a Weapon in the Fourth Degree (N.Y. Penal Law § 265.01[4]), and Menacing in the Second Degree (N.Y. Penal Law § 120.14[1]). See People v. Baker, 27 A.D.3d 1006 (3rd Dep't 2006) (upholding April 20, 2004 judgment of County Court of Clinton County upon jury verdict); see also Baker v. Lempke, 9:07-CV-1179, 2010 WL 1730034 (N.D.N.Y. April 26, 2010) (recounting the procedural history of Plaintiff's criminal case in addressing his petition for habeas corpus relief). Ultimately, the judgment of the County Court was affirmed on appeal. See Baker, 27 A.D.3d 1006, leave to appeal denied, 7 N.Y.3d 785 (2006).

      Plaintiff alleges that the prosecution publicly aired Plaintiff's private medical records during trial in violation of doctor-patient privilege. Compl. at 2. County Court records show that the prosecution had subpoenaed Plaintiff's medical records in response to his notice of intent to offer a psychiatric defense at trial. Case No. 9:07-CV-01179, Dkt. No. 11-8, at 8-9 ("McGill Opinion").[1] According to his Complaint, Plaintiff first learned in 2006 that the prosecution had subpoenaed his

---

[1] The record is unclear as to whether Plaintiff ultimately raised this defense at trial.

medical records and that this subpoena was the source of the prosecution's knowledge of his medical history. Compl. at 2.

Plaintiff has exhausted all state-level remedies, and his Petition for writ of habeas corpus was denied by the District Court of the Northern District of New York on April 26, 2010. See Case No. 9:07-CV-1179, Dkt. Nos. 1, 20.

## II.     STANDARD OF REVIEW

When considering a motion to dismiss under Rule 12(b)(6), a district court must accept the factual allegations made by the non-moving party as true and "draw all inferences in the light most favorable" to the non-moving party. In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007). "The movant's burden is very substantial, as 'the issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims.'" Log On America, Inc. v. Promethean Asset Mgmt. L.L.C., 223 F. Supp. 2d 435, 441 (S.D.N.Y. 2001) (quoting Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 673 (2d Cir. 1995) (internal quotation and citations omitted)). The lapse of a limitations period is an affirmative defense which may be raised in a Rule 12(b)(6) motion if the defense "appears on the face of the complaint." Staehr v. Hartford Fin. Servs. Group, Inc., 547 F.3d 406, 426 (2d Cir. 2008).

## III.    DISCUSSION

As an initial matter, the Court notes Plaintiff's *pro se* status. As a *pro se* litigant, Plaintiff is entitled to special solicitude, and the Court shall construe his pleadings liberally. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006); see also Haines v. Kerner, 404 U.S. 519,

520 (1972). Nevertheless, while the Court shall attempt "to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training . . . . [this] does not exempt a party from compliance with relevant rules of procedural and substantive law." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (internal quotation omitted).

Plaintiff seeks to hold Defendants liable for alleged violations of his rights under the United States Constitution and the New York State Constitution. See generally Compl. Specifically, Plaintiff alleges that Sprague and Loiacono obtained his medical records through an unlawful subpoena and used those records at trial in violation of his due process rights and doctor-patient privilege. Id. Plaintiff seeks to hold Cantell and the County of Clinton liable for the actions of the Assistant District Attorneys. Id.

Plaintiff's Complaint asserts claims pursuant to § 1983, which are subject to New York State's three-year statute of limitations for personal injury actions. See Connolly v. McCall, 254 F.3d 36, 41 (2d Cir. 2001); see also N.Y. C.P.L.R. 214. "While state law supplies the statute of limitations for claims under § 1983, federal law determines when a federal claim accrues." Eagleson v. Guido, 41 F.3d 865, 871 (2d Cir. 1994) (citing Cullen v. Margiotta, 811 F.2d 698, 725 (2d Cir. 1987), cert. denied, 483 U.S. 1021 (1987)). In the instant action, the parties dispute, as a threshold matter, whether Plaintiff's claims are time-barred. See Mot. to Dismiss (Dkt. No. 17-3). The Court, therefore, must first determine when Plaintiff's claim accrued, and whether his filing is timely.

Plaintiff alleges that Defendants violated his federal and state constitutional rights insofar as they "illegally applied for and received a subpoena . . . [for] petitioner's private medical records" and without consent "used the private medical records . . . throughout the trial . . . . in front of the

4

jury and full courtroom." Compl., Ex. C ¶¶ 3-9.  Plaintiff seems to conflate two separate "harms." The first involves the allegedly illegal subpoena of his medical records; the second focuses upon the public airing of private medical records at trial.  The former is easily dismissed, as state court records reveal that the subpoena itself was lawful.  See Case No. 9:07-CV-01179, McGill Opinion (Dkt. No. 11-8) at 8-9.  Prior to his criminal trial, Plaintiff filed a notice of intent to pursue a psychiatric defense; this permitted the District Attorney to subpoena his medical records.  Id.; see also People v. Chavis, 181 Misc. 2d 540, 543 (N.Y. Sup. Ct. 1999) (when a criminal defendant gives notice of intent to pursue a psychiatric defense, the prosecution is entitled to obtain the defendant's medical records to avoid undue "surprise and prejudice.").  "The filing of a notice of intent, in effect, waived the physician/patient privilege for the purposes of responding to the affirmative defense."  Case No. 9:07-CV-01179, McGill Opinion (Dkt. No. 11-8) at 8-9; see Chavis, 181 Misc. 2d at 545 (stating that a defendant intending to submit a psychiatric defense is precluded from exercising doctor-patient privilege).  Thus, the subpoena was obtained legally, and Plaintiff's discovery of the subpoena in 2006 is insignificant, as he suffered no compensable harm through the lawful subpoena.

That the subpoena was itself legal, however, does not mean that the use at trial of information obtained through the subpoena was permissible.  If a defendant who has expressed his intent to offer a psychiatric defense does not pursue the defense at trial, the prosecution is precluded from using evidence obtained from his medical records.  See Chavis, 181 Misc. 2d at 544.  While it is unclear whether Plaintiff pursued a psychiatric defense at trial, the Court need not reach this issue because Plaintiff's claim is time-barred.

Under federal law, "a claim accrues when the plaintiff 'knows or has reason to know' of the

5

injury that is the basis of the action." Cullen, 811 F.2d at 725 (quoting Pauk v. Bd. of Trs., 654 F.2d 856, 859 (2d Cir. 1981). If the basis of Plaintiff's action is the misuse of his records, rather than the subpoenaing of those records, then Plaintiff had reason to know of this injury when the prosecution aired his private information at trial, as he was obviously present when that information was revealed in open court. Plaintiff's claim, therefore, accrued at that time. See Eagleston, 41 F.3d at 871-72 (claim accrues the moment when plaintiff becomes aware of the basis of the alleged injury even if the ultimate consequences of that harm occur subsequently); see also Pauk, 654 F.2d at 859. Because greater than three years have passed between the moment that Plaintiff had reason to know that his private records were made public and the filing of his Complaint, Plaintiff's § 1983 claim is time-barred.

Further, to the extent that Plaintiff seeks to hold Clinton County liable for alleged state law violations, see Compl. Ex. C, his suit is time-barred and barred for failure to timely serve a notice of claim. See N.Y. GEN. MUN. §§ 50-e(1)(a) and 50-i; see also Davidson v. Bronx Mun. Hosp., 64 N.Y.2d 59, 61-62 (1984) ("Plaintiff must not only plead in his complaint that he has served a notice of claim, but must also allege that the notice was served at least 30 days prior to commencement of the action. . . . Failure to comply with provisions requiring notice and presentment of claims prior to the commencement of litigation ordinarily requires dismissal."). Additionally, any state law claims against Clinton County are subject to a 1 year, ninety day statute of limitations. See N.Y. GEN. MUN. § 50-i.

Given the above, the Court need not reach the merits of Plaintiff's claims, and his Complaint is properly dismissed.

### IV. CONCLUSION

Based on the foregoing discussion, it is hereby

**ORDERED**, that Defendants' Motion to dismiss (Dkt. No. 17) is **GRANTED** in its entirety; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 01) is **DISMISSED** in its entirety; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:   June 14, 2010
         Albany, New York

Lawrence E. Kahn
U.S. District Judge